No. 18-3535

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL JOHNSON, | ) | Appeal from the United States |
| | ) | District Court for the Central |
| Plaintiff-Appellant, | ) | District of Illinois |
| | ) | |
| v. | ) | |
| | ) | |
| SUSAN PRENTICE, ANDREA MOSS, | ) | |
| KELLY HAAG, LINDA DUCKWORTH, | ) | |
| DEIDRE MARANO, SCOTT | ) | |
| McCORMICK, RILIWAN OJELADE, | ) | No. 1:16-cv-01244-CSB |
| STEPHEN LANTERNAN, ANDREW | ) | |
| TILDEN, TRAVIS DEVRIES, ERIC | ) | |
| MYERS, GERALD HENKEL, JOHN | ) | |
| GASPER, JAMES BOLAND, WARREN | ) | |
| HADSELL, KIMBERLY KELLY, | ) | |
| TERRI KENNEDY, MICHAEL | ) | |
| MELVIN, and WEXFORD HEALTH | ) | |
| SOURCES, INC., | ) | The Honorable |
| | ) | COLIN S. BRUCE, |
| Defendants-Appellees. | ) | Judge Presiding. |

**ANSWER OF STATE DEFENDANTS-APPELLEES TO
PETITION FOR PANEL AND EN BANC REHEARING**

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

**BENJAMIN F. JACOBSON**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2546 (office)
(872) 276-3643 (cell)
Benjamin.Jacobson@ilag.gov

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

Attorneys for State Defendants-
Appellees

# TABLE OF CONTENTS

***Page(s)***

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ..........................................................................ii

STATEMENT OF THE CASE ....................................................................... 5

ARGUMENT ................................................................................................ 9

This case does not warrant en banc or panel rehearing. ................................ 9

    A.    En banc or panel rehearing is appropriate only when specific criteria are satisfied. ................................................................ 9

    B.    Rehearing en banc is not warranted because the panel adhered to existing precedent by applying *Pearson* to the facts of this case. ........... 10

    C.    Panel rehearing is not warranted here. .................................................... 18

CONCLUSION............................................................................................ 20

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Antonelli v. Sheahan,*
  81 F.3d 1422 (7th Cir. 1996)........................................................................10

*Apodaca v. Raemisch,*
  139 S. Ct. 5 (2018) ........................................................................................11

*Campbell v. Kallas,*
  936 F.3d 536 (7th Cir. 2019)...................................................................9, 14

*Delaney v. Detella,*
  256 F.3d 679 (7th Cir. 2001)................................................................10, 15

*Diaz v. Davidson,*
  799 F.3d 722 (7th Cir. 2015)........................................................................10

*Easley v. Reuss,*
  532 F.3d 592 (7th Cir. 2008) (per curiam) .................................................9

*Edwards v. Quiros,*
  986 F.3d 187 (2d Cir. 2021) .........................................................................11

*Estelle v. Gamble,*
  429 U.S. 97 (1976) ........................................................................................11

*Farmer v. Brennan,*
  511 U.S. 825 (1994) ......................................................................................11

*Gillis v. Litscher,*
  468 F.3d 488 (7th Cir. 2006)........................................................................13

*HM Holdings, Inc. v. Rankin,*
  72 F.3d 562 (7th Cir. 1995)..........................................................................12

*Hope v. Pelzer,*
  536 U.S. 730 (2002) ......................................................................................11

*Int'l Union of Operating Eng'rs Local 139 v. Schimel,*
  863 F.3d 674 (7th Cir. 2017)........................................................................10

*Johnson v. Prentice*,
   29 F.4th 895 (7th Cir. 2022) ................................................................. passim

*LeMaire v. Maass*,
   12 F.3d 1444 (9th Cir. 1993) ................................................................. 11

*Lisle v. Welborn*,
   933 F.3d 705 (7th Cir. 2019) ................................................................. 14

*McClure v. Haste*,
   820 Fed. Appx. 125 (3rd Cir. 2020) ..................................................... 11

*Mitchell v. Rice*,
   954 F.2d 187 (4th Cir.1992) (per curiam) ........................................... 11

*Pearson v. Ramos*,
   237 F.3d 881 (7th Cir. 2001) ............................................................... passim

*Rasho v. Walker*,
   393 Fed. Appx. 401 (7th Cir. 2010) ..................................................... 10

*Rhodes v. Chapman*,
   452 U.S. 337 (1981) .............................................................................. 14

*Scarver v. Litscher*,
   434 F.3d 972 (7th Cir. 2006) ............................................................... 15

*Turley v. Rednour*,
   729 F.3d 645 (7th Cir. 2013) ............................................................... 10

*United States v. Rosciano*,
   499 F.2d 173 (7th Cir. 1974) (per curiam) ........................................... 8

*West v. Hautamaki*,
   172 Fed. Appx. 672 (7th Cir. 2006) ..................................................... 10

*Wilson v. Seiter*,
   501 U.S. 294 (1991) .............................................................................. 11

*Winger v. Pierce*,
   325 Fed. Appx. 435 (7th Cir. 2009) ..................................................... 10

**Other Authorities**

42 U.S.C. § 1983 .......................................................................................... 4

Fed. R. App. P. 35(a) ......................................................................................... 8

Fed. R. App. P. 40(a)(2) ............................................................................... 9, 17

U.S. Const., amend. VIII ......................................................................... passim

## STATEMENT OF THE CASE

Petitioner Michael Johnson filed a complaint under 42 U.S.C. § 1983, alleging two sets of Eighth Amendment claims regarding his time in Illinois Department of Corrections ("Department") custody while in segregation at Pontiac Correctional Center ("Pontiac"). *See* Docs. 1, 8.[1]  First, he alleged that several conditions of his confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. *See* Doc. 1 at 21-25; Doc. 8 at 2.  Second, he alleged that State Defendants[2] and contracted medical providers' deliberate indifference to his serious medical needs similarly constituted cruel and unusual punishment. *See id.*  In his petition for rehearing, Johnson challenges only the panel's ruling on his claim alleging that the regular denial of yard access, including from June 2015 to June 2016, constituted cruel and unusual punishment because State Defendants were deliberately indifferent to his physical and psychological health. *See* AT Br. at 18 n.12; Reply Br. at 2; Pet. at 8 n.5, 10 n.9.  Therefore, State Defendants discuss only the facts and procedural history related to that claim.

Johnson was housed at Pontiac from March 2013 to December 2016, where he was in disciplinary segregation for all but the last three months. *Johnson v. Prentice*,

---

[1]  This answer cites the district court's docket as "Doc. __ at __," Johnson's opening brief as "AT Br. at __," State Defendants' response brief as "AE Br. at __," Johnson's reply brief as "Reply Br. at __," and Johnson's petition for panel and en banc rehearing as "Pet. at __."

[2]  State Defendants are Susan Prentice, Deidre Marano, Travis Devries, Eric Myers, Gerald Henkel, John Gasper, James Boland, Warren Hadsell, Kimberly Kelly, Terri Kennedy, and Michael Melvin.

29 F.4th 895, 899 (7th Cir. 2022). He has been diagnosed with antisocial personality disorder, depression, bipolar disorder, poor impulse control, panic disorder, anxiety disorder, and excoriation disorder. *Id.* at 900.

Prior to his arrival at Pontiac, Johnson had amassed an extensive disciplinary history, including five disciplinary tickets for fighting, three for intimidation and threats, two for assaulting staff, two for attempted assaults of staff, and eleven for damaging Department property. *Id.* at 899-900. Once at Pontiac, Johnson's violent misconduct continued: he assaulted a corrections officer, twice assaulted another inmate, attempted to assault a third inmate, intimidated yet another inmate, and twice damaged Department property. *Id.*; AE Br. at 6.

As a result of these violations, Johnson was placed on yard restriction from January 2014 to his transfer to the Mental Health Unit in September 2016. *See Johnson*, 29 F.4th at 900. Although none of the individual yard restrictions exceeded 90 days, due to the number of underlying violations, Johnson was continuously on yard restriction during this time period. *See id.* Yard restriction status limited him to one hour of yard time per month. *See id.* And Johnson alleged that he was denied his monthly yard time on numerous occasions, causing him to have no yard access at all between June 2015 and June 2016. *Id.* at 900-01. According to Johnson, he could exercise in his cells in a restricted manner, but he suffered muscle atrophy, muscle spasms, emotional distress, and worsening mental health issues due to the lack of yard time. AE Br. at 7-8.

State Defendants moved for summary judgment, arguing that Johnson could not establish his yard access claim because the restrictions were imposed based on Johnson's numerous instances of violent misconduct, and no individual period of restriction exceeded three months—which, under this court's precedents, precluded a finding of cruel and unusual punishment.  Doc. 92 at 14-15.  In response, Johnson submitted an incomplete motion in opposition without any evidence as exhibits in support.  *See* Doc. 108 at 17; *Johnson*, 29 F.4th at 902.  The district court granted State Defendants summary judgment, finding that no reasonable jury could find that State Defendants were deliberately indifferent to Johnson's health by imposing the yard restrictions because each restriction must be looked at individually, and none of the restrictions was imposed for "utterly trivial" misconduct.  Doc. 109 at 12-13, 15, 19.

The panel affirmed the district court's judgment, holding that Johnson's yard access claim was insufficient as a matter of law under *Pearson v. Ramos*, 237 F.3d 881, 884-85 (7th Cir. 2001).  *Johnson*, 29 F.4th at 904-05.[3]  There, the panel explained, this court had "held that a 90-day period of no yard privileges as a sanction for misconduct does not inflict cruel and unusual punishment on an inmate in segregation."  *Id.* at 904.  Moreover, the panel continued, imposing consecutive 90-day disciplinary restrictions "for separate misconduct violations does not violate the

_____

[3]  The panel, as well as the dissenting judge, also rejected Johnson's attempt to raise new arguments on appeal challenging the constitutionality of segregation in general, and affirmed summary judgment on his cell conditions and mental health treatment claims.  *Johnson*, 29 F.4th at 904-06.

Eighth Amendment unless the sanctions were meted out for 'some utterly trivial infraction of the prison's disciplinary rules.'" *Id.* (quoting *Pearson*, 237 F.3d at 885). And, in *Pearson*, the panel noted, this court had reasoned that because Pearson's violations—beating a guard, spitting on another guard, setting fire to his cell, and throwing bodily fluids at staff—were not trivial, no reasonable jury could find in his favor on a deliberate indifference claim for imposing four consecutive 90-day restrictions. *Id.*

Applying *Pearson*'s reasoning to this case, the panel held that, even though Johnson's cumulative restrictions lasted longer and his misconduct was not as egregious as in *Pearson*, his violations were nonetheless "continuous, serious, and sometimes highly dangerous[.]" *Id.* at 904-05. Thus, the consecutive 90-day yard access restrictions here did not constitute cruel and unusual punishment, no jury could find for Johnson on a deliberate indifference claim based on those restrictions, and so summary judgment for State Defendants was appropriate. *See id.*

Johnson filed a petition for panel and en banc rehearing, arguing that the panel erroneously applied a sentencing proportionality framework to a deliberate indifference claim, which, he contends, conflicts with Supreme Court precedent, as well as decisions from this and other circuits. Pet. at 1-4, 11-15. Johnson maintains that the panel's purportedly incorrect approach caused it to reach the wrong result and "[v]irtually [a]ssures" that dangerous prison conditions will proliferate. *Id.* at 13-17.

8

## ARGUMENT

**This case does not warrant en banc or panel rehearing.**

This court should deny Johnson's petition for rehearing.  En banc rehearing is unwarranted because the panel simply applied existing precedent to the facts of this case when it held that the challenged yard restrictions were permissible under *Pearson*.  Johnson does not ask this court to overrule *Pearson*, and, regardless, that decision protects against the arbitrary imposition of yard restrictions, consistent with other Eighth Amendment precedents and contrary to Johnson's claim that the panel's decision grants prison officials carte blanche to deprive inmates of access to exercise.  In addition, the panel's decision did not rest on a misapprehension of fact or law where it held that the evidence of Johnson's misconduct was not trivial and the associated yard restrictions were supported by valid security concerns.  Thus, this case does not warrant either en banc or panel rehearing.

### A.    En banc or panel rehearing is appropriate only when specific criteria are satisfied.

En banc or panel rehearings are granted only in limited circumstances.  "The function of en banc hearings is not to review alleged errors for the benefit of losing litigants."  *United States v. Rosciano*, 499 F.2d 173, 174 (7th Cir. 1974) (per curiam).  Rather, to warrant en banc rehearing, a plaintiff must show that:  "(1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance."  Fed. R. App. P. 35(a).  Such rehearings are "not favored," *id.*, as they impose a "heavy burden" on an

"overly burdened court" and thus are "reserved for the truly exceptional cases," *Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008) (per curiam).

In contrast, "[p]anel rehearings are designed as a mechanism for the panel to correct its own errors." *Easley*, 532 F.3d at 594. A party seeking panel rehearing must therefore "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended," Fed. R. App. P. 40(a)(2), and refrain from raising new arguments, *Easley*, 532 F.3d at 594.

**B.    Rehearing en banc is not warranted because the panel adhered to existing precedent by applying *Pearson* to the facts of this case.**

In relying on *Pearson*, the panel simply applied existing precedent to the facts of this case. Johnson does not ask this court to overrule *Pearson*, and *Pearson* itself protects inmates against the imposition of yard restrictions that serve no valid purpose, undermining Johnson's argument that this case presents a question of exceptional importance. He therefore fails to show this is the rare case meriting en banc rehearing.

Although Johnson devotes much of his petition to criticizing *Pearson*, *see* Pet. at 1-5, 11-15, he did not ask the panel to overrule *Pearson*, *see generally* AT Br., and does not ask this court to grant rehearing for the purpose of overruling it. Indeed, Johnson explicitly states that this court need not overrule *Pearson*. Pet. at 13 n.10. Moreover, he fails to present or develop an argument for why overruling *Pearson* would be appropriate. *Compare* Pet., *with Campbell v. Kallas*, 936 F.3d 536, 544 (7th Cir. 2019) (providing criteria for determining if overruling precedent warranted); *see*

10

*also infra* pp. 14-15. This court requires a compelling reason to overrule circuit precedent, *Int'l Union of Operating Eng'rs Local 139 v. Schimel*, 863 F.3d 674, 677 (7th Cir. 2017), and Johnson has identified no such reason for overruling *Pearson*.

Nor has this court, contrary to Johnson's contention, Pet. at 13, abandoned *Pearson* in subsequent yard-access cases. In fact, in the only case he cites, this court held, consistent with *Pearson*, that "legitimate penological reasons" may "justify[ ] an extended denial of exercise privileges," citing *Pearson* favorably several times. *See Delaney v. Detella*, 256 F.3d 679, 684 (7th Cir. 2001). And this court has repeatedly held that yard restrictions that are imposed due to an inmate's violent misconduct are reasonable unless they are in response to a trivial infraction, frequently citing *Pearson* as support. *See*, *e.g.*, *Diaz v. Davidson*, 799 F.3d 722, 724 (7th Cir. 2015); *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996); *Rasho v. Walker*, 393 Fed. Appx. 401, 403 (7th Cir. 2010); *Winger v. Pierce*, 325 Fed. Appx. 435, 435-36 (7th Cir. 2009); *West v. Hautamaki*, 172 Fed. Appx. 672, 674-75 (7th Cir. 2006).

Moreover, as Johnson himself acknowledges, both the Supreme Court[4] and other circuits[5] have followed similar approaches, *see* Pet. at 3, and have even cited *Pearson* for this same proposition, *see*, *e.g.*, *Apodaca v. Raemisch*, 139 S. Ct. 5, 7 n.4 (2018) (Sotomayor, J., concurring); *McClure v. Haste*, 820 Fed. Appx. 125, 130-31 (3rd Cir. 2020). Johnson's assertion that *Pearson* "is an outlier" that has effectively been discarded by this and other courts, *see* Pet. at 12-13, is thus incorrect.

Given that Johnson is not asking this court to overrule *Pearson*, which remains good law, his petition merely argues that the panel applied that decision incorrectly. But complaints about the application of existing precedent do not

---

[4] Johnson cites Justice Sotomayor's concurrence in *Apodaca v. Raemisch*, 139 S. Ct. 5 (2018), for the proposition "that 'the presence (or absence) of a particularly compelling security justification has, rightly, played an important role in the analysis of the Courts of Appeals.'" Pet. at 3 (quoting 139 S. Ct. at 7-8). This is just another way of stating that yard restrictions imposed for utterly trivial infractions are cruel and unusual punishment. The other Supreme Court cases Johnson relies on do not counsel otherwise. *See Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002) (holding that restrictions imposed after "[a]ny safety concerns had long since abated" constituted "unnecessary and wanton infliction of pain . . . totally without penological justification") (internal quotations omitted); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objectiv[e]") (internal quotations omitted); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) ("only the unnecessary and wanton infliction of pain implicates the Eighth Amendment") (cleaned up); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) ("unnecessary and wanton infliction of pain" is that "which no one suggests would serve any penological purpose") (internal quotations omitted).

[5] *See Edwards v. Quiros*, 986 F.3d 187, 195 (2d Cir. 2021) (refusing to overturn jury verdict that implicitly rejected prison officials' safety justification as belied by evidence); *LeMaire v. Maass*, 12 F.3d 1444, 1452-58 (9th Cir. 1993) (determining whether prison policies, including denial of yard access, were reasonable responses to safety threats posed by inmates); *Mitchell v. Rice*, 954 F.2d 187, 191-93 (4th Cir.1992) (per curiam) (remanding to determine if "incorrigibly assaultive" conduct of inmate justified long-term yard restrictions).

warrant en banc rehearing.  *See HM Holdings, Inc. v. Rankin*, 72 F.3d 562, 563 (7th Cir. 1995) ("the function of en banc hearings is not to review alleged errors for the benefit of losing litigants") (internal quotation omitted).  As a result, Johnson's request for en banc rehearing necessarily fails.

Regardless, the panel correctly applied *Pearson* here.  In *Pearson*, the court determined that a threat to security is a valid reason to restrict an inmate's yard access, *see* 237 F.3d at 884-85, a point Johnson concedes, Pet. at 2-4, 14-15.  It then held that a 90-day restriction based on security concerns generally will not violate the Constitution, even if several 90-day restrictions are imposed consecutively, because each restriction must be considered individually.  237 F.3d at 884-85.  But, the court concluded, the imposition of yard restrictions "for some utterly trivial" disciplinary infraction would amount to a constitutional violation.  *Id.*

The panel considered the evidence of Johnson's misconduct and decided that, although it was not as egregious as Pearson's, "his violations were continuous, serious, and sometimes highly dangerous[.]"  *Johnson*, 29 F.4th at 904-05.  To that end, State Defendants provided uncontested evidence of the security threat posed by Johnson's violent misconduct at Pontiac, which included assaulting a corrections officer, twice assaulting another inmate, attempting to assault a third inmate, intimidating a fourth inmate, and twice damaging Department property.  *See* AE Br. at 6, 12, 17, 24-30, 36-37.  The panel's decision was therefore appropriate, even under Johnson's own interpretation of *Pearson*.  *See* Pet. at 2-3 ("exercise can only be

regularly withheld if a compelling security justification necessitates the deprivation").

In arguing that the panel misapplied *Pearson*, Johnson attempts to restrict the consideration of the nature of any threat posed by an inmate to instances of violence that occurred *during* yard. *See* Pet. at 4, 14-15. An inmate's violent propensities, however, may be manifested in other settings and logically pose a threat in getting him out of his cell, transporting him to the yard, and then transporting him back to his cell. *See Pearson*, 237 F.3d at 885 ("To allow him to exercise in the yard would have given him additional opportunities to attack prison staff."). Thus, the panel was not limited to considering misconduct that occurred during yard when it determined that the corresponding yard restriction was permissible under *Pearson*.

Johnson also appears to contend that the panel misapplied *Pearson* because Johnson's lesser misconduct makes the inmate there an "incomparable comparator[ ]." Pet. at 13 n.10. But the panel need not have found Pearson and Johnson to be equivalent comparators because the key question, as Johnson himself recognizes, *see id.* at 2-4, 13-15, is whether the inmate posed a security threat, *see Pearson*, 237 F.3d at 884-85; *see also Gillis v. Litscher*, 468 F.3d 488, 492-93 (7th Cir. 2006) ("Determining whether [an inmate's] constitutional rights have been violated requires a fact-intensive inquiry under constitutional standards[.]") (internal quotations omitted). As discussed, the panel appropriately applied that standard in determining that no material question of fact existed regarding Johnson's violent

14

misconduct and the threat he posed to staff and inmate safety.  *See supra* at pp. 12-
13.

Even if Johnson had attempted to establish that the criteria for overruling
*Pearson* were satisfied here, doing so would not be warranted.  Overruling precedent
is appropriate only when this court's position remains a minority among other
circuits, the Supreme Court has issued a decision on an analogous issue that compels
reconsideration of that position, or an intra-circuit conflict exists.  *Campbell*, 936
F.3d at 544.  None of these criteria exists here because, as discussed, *Pearson* is
consistent with decisions by the Supreme Court, other circuits, and this circuit.  *See
supra* pp. 10-11.

In addition, Johnson's argument that *Pearson* and the panel improperly
imported a sentencing proportionality framework into the deliberate indifference
analysis, *see* Pet. at 1-5, 11-15, misconstrues both *Pearson* and the panel's decision.
*Pearson*'s analysis, which looks to see if yard restrictions were imposed for trivial
infractions to determine whether their imposition was actually related to safety
concerns, *see* 237 F.3d at 884, fits neatly within the deliberate indifference
framework.  If the infractions are trivial and do not threaten prison security, then
the disproportionality inquiry shows that the restrictions were imposed for no valid
penological purpose—*i.e.*, that they were imposed with deliberate indifference to the
inmate's health.  *See Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019) (unnecessary
infliction of suffering devoid of penological purpose violates Eighth Amendment)
(citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  In contrast, where a

restriction responds to the security threat posed by an inmate, then even if that restriction could be reasonably anticipated to cause physical or psychological harm, it does not violate the Eighth Amendment because there is no disproportionality. *See Scarver v. Litscher*, 434 F.3d 972, 975-76 (7th Cir. 2006) ("[m]easures reasonably taken to protect [other] inmates and staff from [a prisoner] may unavoidably aggravate [that prisoner's] psychosis" without violating the Constitution); *Delaney*, 256 F.3d at 683- 84 ("legitimate penological reasons" can justify "an extended denial of exercise privileges").

*Pearson*, and the panel, thus appropriately assessed the proportionality of the challenged restrictions for the purpose of deciding whether they were imposed with deliberate indifference to the inmates' health, consistent with Eighth Amendment precedents. *See Johnson*, 29 F.4th at 904-05; *Pearson*, 237 F.3d at 884-85.[6] Consequently, there would be no basis for overruling *Pearson* even if Johnson had attempted to establish any of the criteria for doing so, and en banc rehearing is unwarranted because the panel simply applied existing precedent to the facts of this case.

---

[6] Johnson's contention that *Delaney* and *Pearson* are inconsistent, *see* Pet. at 1, 13, is likewise incorrect. As State Defendants noted in their response brief, *see* AE Br. at 29-30, *Delaney* involved an inmate who had not engaged in misconduct and prison officials whose assertions of a security threat were conclusory, *see* 256 F.3d at 684. The prison officials, therefore, lacked a legitimate penological reason for restricting the inmate's yard access, and the punishment was thus disproportionate to the infraction, demonstrating that it was imposed with deliberate indifference to the inmate's health. *See id.*

Finally, Johnson presents a parade of horribles that allegedly demonstrates a question of exceptional importance warranting en banc review. *See* Pet. at 5, 15-17. He argues that the panel's decision does not balance inmates' basic human needs with a prison's security concerns as the Eighth Amendment requires. *Id.* at 15. This failure, he contends, will "perpetuate [the] misery" of inmates in segregation because it "grants prison officials virtually unfettered discretion to" deprive inmates of regular access to exercise. *Id.* at 16-17. These arguments do not counsel for en banc rehearing because they misinterpret the panel's holding.

First, *Pearson* and the panel decision, as discussed, *do* provide for balancing an inmate's basic human need for exercise with a prison's security interests within the deliberate indifference framework by ensuring that the challenged restriction is supported by a valid penological reason. *See supra* pp. 10-12. And second, because that balance is provided, prison officials are not granted unlimited authority to restrict an inmate's yard access. Rather, as *Pearson* and the panel decision show, they may only do so in response to the threat posed by an inmate to the safety and security of staff and other inmates. *See supra* pp. 12-15. Again, as discussed, the disproportionality of a restriction imposed for "utterly trivial infractions" demonstrates the impropriety of such restriction by showing that the officials acted with deliberate indifference to the inmate's health. *See supra* pp. 10-15.

Johnson has, therefore, failed to establish that the panel's decision either conflicts with existing precedent or presents a question of exceptional importance. As such, Johnson's request for rehearing en banc should be denied.

17

**C.    Panel rehearing is not warranted here.**

Johnson states that he seeks panel rehearing as well, but never discusses why such rehearing is warranted. *See* Pet. at 1, 17; Fed. R. App. P. 40(a)(2) ("petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended"). To the extent Johnson argues that the panel made a factual error by finding that his misconduct raised security or safety risks because State Defendants did not assert any such security threat, *see* Pet. at 4, 13-15, he is incorrect.

First, as discussed, State Defendants presented evidence describing the violent nature of Johnson's misconduct and discussed how such threats to the safety of staff and other inmates can justify yard restrictions. *See supra* pp. 5-6, 12. Second, the panel reviewed that evidence and explained that, while Johnson's misconduct was not as egregious as Pearson's, "his violations were continuous, serious, and sometimes highly dangerous[.]" *Johnson*, 29 F.4th at 904-05. And, again, Johnson incorrectly argues that only evidence of misconduct that occurred during yard is relevant to assessing whether a yard restriction is permissible when an inmate's violent propensities can also be gleaned from misconduct in other settings. *See supra* p. 13. Thus, the panel committed no factual errors when it held that the yard restriction was not imposed in response to a trivial infraction.

Nor did the panel misapply precedent. As discussed, the panel properly applied *Pearson* to the facts of this case, finding that, given the uncontested security threat Johnson posed, no reasonable jury could find for him on his deliberate

indifference claim.  *See supra* pp. 12-15.  Accordingly, panel rehearing is also unwarranted in this case.

## CONCLUSION

For these reasons, State Defendants-Appellees request that this court deny

Plaintiff-Appellant Michael Johnson's petition for panel and en banc rehearing.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

Attorneys for State Defendants-Appellees

<u>/s/ Benjamin F. Jacobson</u>
**BENJAMIN F. JACOBSON**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2546 (office)
(872) 276-3643 (cell)
Benjamin.Jacobson@ilag.gov

July 29, 2022

**CERTIFICATE OF COMPLIANCE WITH LENGTH LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

I hereby certify that this answer complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Circuit Rule 32 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2019, in 12-point Century SchoolbookBT font, and complies with Federal Rule of Appellate Procedure 35(b)(2)(A) in that the answer contains 3,803 words.

/s/ Benjamin F. Jacobson
**BENJAMIN F. JACOBSON**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2546 (office)
(872) 276-3643 (cell)
Benjamin.Jacobson@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on July 29, 2022, I electronically filed the foregoing Answer of State Defendants-Appellees to Petition for Panel and En Banc Rehearing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participant in this appeal is a registered CM/ECF user and so will be served via the CM/ECF system:

Daniel M. Greenfield (attorney for M. Johnson)
Daniel-greenfield@law.northwestern.edu

Julie A. Teuscher and Lynsey Anne Stewart (attorneys for A. Moss, K. Haag, L. Duckworth, S. McCormick, R. Ojelade, S. Lanternan, A. Tilden, and Wexford Health Sources, Inc.)
jteuscher@cassiday.com
lstewart@cassiday.com

/s/ Benjamin F. Jacobson
**BENJAMIN F. JACOBSON**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2546 (office)
(872) 276-3643 (cell)
Benjamin.Jacobson@ilag.gov